```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
ANGEL DELGADO BETANCOURT,               :
                    Plaintiff,          :
                                        :    07 Civ. 2165 (DLC)
         -v-                            :
                                        :    MEMORANDUM OPINION
CITY OF NEW YORK HRA/DSS and DC-37      :         AND ORDER
LOCAL 1549,                             :
                    Defendants.         :
                                        :
----------------------------------------X
```

Appearances:

Pro Se Plaintiff:
Angel Delgado Betancourt
97 Portage Avenue
Staten Island, NY 10314

For Defendant City of New York HRA/DSS:
Jennaydra Dance Clunis
New York City Law Department
Office of the Corporation Counsel
100 Church Street
New York, NY 10007

For Defendant DC-37 Local 1549:
Thomas Michael Cooke
District Council 37
AFSCME
Office of The General Counsel
125 Barclay Street, Room 510
New York, NY 10007

DENISE COTE, District Judge:

    Plaintiff Angel Delgado Betancourt ("Betancourt"), proceeding pro se, brings this action against defendant New York City Human Resources Administration/Department of Social Services ("HRA/DSS"), alleging that HRA/DSS discriminated

against him on the basis of his national origin and disability in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and the Americans with Disabilities Act (ADA) of 1990, 42 U.S.C. §§ 12112-12117, when it failed to promote him, accommodate his disability, and, ultimately, terminated his employment in April 2003.  Betancourt also brings a claim against defendant Local 1549, District Council 37, American Federation of State, County and Municipal Employees ("DC-37"), alleging that DC-37 breached its duty of fair representation by its "incompetence" in representing him during the proceedings related to his termination.  Both defendants have filed motions to dismiss.  For the reasons stated below, both motions are granted.

BACKGROUND

The following facts are undisputed or taken from the complaint and assumed to be true for the purpose of deciding the motions to dismiss.  Betancourt began his employment with HRA/DSS in 1993.  In addition to his job responsibilities, he was a "Shop Steward" for DC-37.  In 2000, he was suspended for 60 days as a result of an altercation with a co-worker.  Following that incident, Betancourt sought treatment from a doctor, and learned that he had bipolar disorder.  Following his return to work, Betancourt alleges that HRA/DSS retaliated

against him for filing grievances in connection with his union responsibilities by transferring him to the Marcy Avenue Food Stamp Center in Brooklyn, where he worked until his request for a transfer to the offices at 275 Bergen Street was granted in mid-2002.  While employed at the Bergen Street office, Betancourt alleges that he was discriminated against on the basis of his national origin and disability when, inter alia, his co-workers and supervisors called him a "troublemaker," insulted his intelligence in vulgar terms, complained about his handwriting, and filed complaints against him "for no reason." Betancourt notes that his fellow employees were African-American, whereas he is Puerto Rican.  Betancourt alleges that he complained about these incidents to a supervisor, but that no action was taken.

In response to these incidents, Betancourt states that he filed a complaint with the New York City Commission on Human Rights.[1]  As a result of this filing, Betancourt states that his supervisor and assistant manager at the Bergen Street office commenced a disciplinary action against him alleging that, inter alia, Betancourt had argued with and threatened him, as a result of which he was suspended for another 60 days and transferred back to the Dekalb Avenue office.

---

[1] A copy of that filing is not attached to the instant complaint, nor does Betancourt state whether any action was taken on it.

In April 2003, a hearing was held regarding the disciplinary charges, as a result of which Betancourt was fired on April 17, 2003. During that hearing, Betancourt states that he was not given an opportunity to call witnesses, and that the attorney provided to him by DC-37, Mr. Druyan, did not make any arguments on his behalf. Betancourt appealed the termination decision to the New York City Civil Service Commission ("NYCCSC"), which held argument on his appeal on August 17, 2006. Mr. Druyan also represented Betancourt in this proceeding, and again failed to raise any argument on Betancourt's behalf. The NYCCSC denied Betancourt's appeal on August 24, 2006.

On January 9, 2007, Betancourt filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC"), in which he presented his Title VII and ADA claims. The EEOC issued a Dismissal and Notice of Rights dated January 22, 2007, which states that, "[y]our charge was not timely filed with EEOC." Betancourt then commenced the instant action. His complaint was received by this Court's Pro Se Office on February 21, 2007.

DISCUSSION

When considering a motion to dismiss under Rule 12(b)(6), a trial court must "accept as true all factual statements alleged

4

in the complaint and draw all reasonable inferences in favor of the non-moving party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007) (citation omitted).  At the same time, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d Cir. 2006) (citation omitted).  A court must apply a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original).  In deciding the motion, a court may consider "any written instrument attached to [the complaint] as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) (citation omitted).  The copies of Betancourt's filing with the EEOC, the letter from HRA/DSS informing Betancourt of the termination of his employment, and the Notice of the decision of the NYCCSC regarding Betancourt's appeal of the termination, which have been submitted by HRA/DSS in connection with its motion to dismiss, are thus properly considered here.

Defendant HRA/DSS contends in its motion that Betancourt's Title VII and ADA claims are time-barred. Before an individual may bring a Title VII or ADA suit in federal court, "the claims forming the basis of such a suit must first be presented in a complaint to the EEOC or the equivalent state agency." Williams v. New York City Hous. Auth., 458 F.3d 67, 69 (2d Cir. 2006) (citing 42 U.S.C. § 2000e-5); see also 42 U.S.C. § 12117(a) (applying the procedural requirements of § 2000e-5 to ADA claims). "In addition, the claimant must make the EEOC filing within 300 days of the alleged discriminatory conduct and, before bringing suit, must receive a 'Notice of Right to Sue' letter from the EEOC." Williams, 458 F.3d at 69. This timeliness requirement "is analogous to a statute of limitations." McPherson v. New York City Dep't of Educ., 457 F.3d 211, 214 (2d Cir. 2006) (citation omitted).

"It has long been settled that a claim of employment discrimination accrues for statute of limitations purposes on the date the employee learns of the employer's discriminatory conduct." Flaherty v. Metromail Corp., 235 F.3d 133, 137 (2d Cir. 2000). "[T]he pendency of a grievance, or some other method of collateral review of an employment decision," however, "does not toll the running of the limitations periods." Delaware State Coll. v. Ricks, 449 U.S. 250, 261 (1980) (citing

6

Electrical Workers v. Robbins & Myers, Inc., 429 U.S. 229 (1976)).

Applying these standards to the instant complaint, it is apparent that Betancourt's claims against HRA/DSS are not timely.  The latest date on which it could be said that Betancourt learned of the alleged discriminatory conduct is April 28, 2003, the date on which Betancourt was formally notified of the termination of his employment following the disciplinary hearings held earlier that year.  Delaware State Coll., 449 U.S. at 258.  Betancourt's EEOC complaint was dated January 9, 2007, and was thus untimely unless the limitations period was tolled.  The Court of Appeals has made clear that "equitable tolling is only appropriate in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003) (citation omitted).  Betancourt's complaint and affirmation in opposition to the motion to dismiss identify no such circumstances.[2]  In particular, Betancourt's appeal of the termination decision to the NYCCSC did not toll the limitations period for these claims.  See Delaware State Coll., 449 U.S. at

---

[2] In fact, Betancourt has submitted, in connection with his opposition to the motion, a letter from the EEOC dated June 12, 2003, informing him that he had "300 days from the (last) date of harm to file a charge with our agency."

261; Morse v. Univ. of Vt., 973 F.2d 122, 125 (2d Cir. 1992); Gibson v. New York City Police Dep't, No. 97 Civ. 4091 (DLC), 1998 WL 338079, at *1-*2 (S.D.N.Y. June 25, 1998), aff'd mem., 201 F.3d 431 (2d Cir. 1999).  HRA/DSS's motion to dismiss is therefore granted.

Defendant DC-37's motion to dismiss must be granted on similar grounds.  Because Betancourt was an employee of HRA/DSS, his duty of fair representation claim must be grounded in state law, rather than federal law, as city agencies are not "employers" within the meaning of either the National Labor Relations Act or the Labor Management Relations Act.  See Police Dep't of the City of Chicago v. Mosley, 408 U.S. 92, 102 n.9 (1972); see also 29 U.S.C. § 142(3) (incorporating 29 U.S.C. §§ 152); Manfredi v. Hazelton City Auth., Water Dep't, 793 F.2d 101, 102-04 (3d Cir. 1986).  "Under New York state law, a claim against a union for violating the duty of fair representation is subject to a four-month statute of limitations."  Williams, 458 F.3d at 69 (citing N.Y. C.P.L.R. § 217(2)(a)).  The latest date on which it can be said that Betancourt became aware of DC-37's "incompeten[t]" representation was August 24, 2006, when the NYCCSC affirmed the termination of his employment with HRA/DSS.  As noted above, however, Betancourt's complaint was received by this Court's Pro Se Office on February 21, 2007, 181 days (or

8

approximately six months) after the limitations period on this claim began to run.

In Betancourt's opposition to DC-37's motion, he claims that the "Waiver of Informal Conference" form, submitted by DC-37 as Exhibit C to its affirmation in support of its motion to dismiss, contains a forged signature. Even assuming the truth of this allegation, it is not relevant to the question of whether the lateness of Betancourt's filing can be excused, and Betancourt has not offered any additional grounds for a finding that the limitations period should be equitably or otherwise tolled. See Williams, 458 F.3d at 70 (affirming dismissal following 213-day delay). DC-37's motion to dismiss is granted.[3]

CONCLUSION

The June 12, 2007, and July 13, 2007, motions to dismiss filed on behalf of HRA/DSS and DC-37, respectively, are granted and the complaint is dismissed. The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         October 9, 2007

_____
DENISE COTE
United States District Judge

---

[3] In light of this conclusion, it is not necessary to reach the other grounds for dismissal or summary judgment raised in DC-37's motion.

9

COPIES SENT TO:

Angel Delgado Betancourt
97 Portage Avenue
Staten Island, NY 10314

Jennaydra D. Clunis
New York City Law Department
Office of the Corporation Counsel
100 Church Street
New York, NY 10007

Thomas Michael Cooke
District Council 37
AFSCME
Office of The General Counsel
125 Barclay Street, Room 510
New York, NY 10007